Mr. Justice Figueras did not sit at the hearing of this case.

---

## Ex-Parte Caraballo.

### Appeal fron the District Court of Arecibo.

No. 82.—Decided November 17, 1903.

Possession.—When proceedings are begun to secure a declaration of possession in accordance with the formalities mentioned in article 391 of the Mortgage Law, the Court should allow the same to be prosecuted without

prejuzgar cuestiones que en todo caso deben ser propuestas por los interesados que quieran oponerse á la información en el juicio plenario correspondiente; ó que deben reservarse al Registrador de la Propiedad para que las proponga con los antecedentes necesarios en vista de los asientos del Registro.

## EXPOSICIÓN DEL CASO.

En las diligencias promovidas en el Tribunal de Distrito de Arecibo por Doña María Juana Caraballo, por su propio derecho y en representación de sus menores hijos nombrados: Jesús, Loreto, Lorenzo, Martina y Santiago, para acreditar la posesión de un terreno, pendiente ante Nos á virtud del recurso de casación por infracción de ley, hoy de apelación, interpuesta por la promovente, contra el auto dictado por el referido Tribunal de Distrito, y que copiado á la letra dice así:

"Arecibo, Noviembre 29, de 1902.—*Resultando:* que Don José Adorno, á ruego y representación de Doña María Juana Caraballo, presentó escrito ante esta Corte, en 17 de Octubre último solicitando información testifical para justificar la posesión de un trozo de cuatro cuerdas y parte de otra de terreno, radicado en el barrio de "Hato Abajo", término de Arecibo, que según el peticionario correspondía á la Sra. Caraballo por adjudicación privada que se le hizo cuando falleció su esposo Don Raimundo Ríos, fallecido en esta jurisdicción hacía como dos años y medio, con cinco hijos menores bajo la potestad de la viuda, y á los cuales también privadamente, se les adjudicó otro trozo de igual número de cuerdas de terreno, radicado en el mismo barrio de "Hato Abajo".

*Resultando:* que en el escrito se propuso el interrogatorio á que habían de contestar los testigos de la información, acompañándose también una certificación de la Tesorería Insular, fecha 16 de Septiembre último, creditiva de que Doña María Juana Caraballo declaró, para los efectos de la contribución, que poseía en el barrio de "Hato Abajo", término municipal de Arecibo, diez cuerdas de terreno, junto con otras pequeñas propiedades, por todas las cuales le correspondía pagar noventa centavos al año de contribución.

*Resultando:* que según expresaba el escrito presentado á ruego de la Doña María Juana Caraballo, el predio de diez cuerdas, cuya mitad trataba ella de justificar con el actual expediente posesorio, se hallaba inscrito en el Registro de la Propiedad de Arecibo á nombre del difunto esposo de la misma Don Raimundo Ríos.

*Resultando:* que esta Corte en providencia de 17 de Octubre último

prejudging questions which in all cases should be raised by the parties concerned who desire to oppose the same in a declaratory suit before the proper court; or which should be reserved to the registrar of property to be raised by him, with the necessary facts taken from the records of the Registry.

## STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of Arecibo, by María Juana Caraballo, in her own right and on behalf of her infant children, named Jesús, Loreto, Lorenzo, Martina and Santiago, for the purpose of proving her possession of a parcel of land, which case is pending before us on appeal in cassation for error of law, now appeal, taken by the petitioner, from the order of the said District Court which literally reads as follows:

"Arecibo, November 29, 1902. On October 17, 1902, José Adorno, representing María Juana Caraballo, filed a petition in the District Court of Arecibo, requesting that testimony he heard for the purpose of proving the possession of a parcel of land consisting of four *cuerdas* and a fraction, situated in *barrio* "Hato-Abajo", within the municipal distriat of Arecibo, which, according to the petitioner belonged to Mrs. Caraballo, by virtue of a private award made in her favor upon the death of her husband, Raimundo Rios, which occurred in said municipal district about two and a half years ago, he leaving five minor children under the guardianship of the widow, who were likewise privately awarded another tract of land with the same number of *cuerdas*, situated in the same *barrio*.

In the petition interrogatories were proposed to be propounded to the witnesses to be heard, and the same was accompanied by a certificate from the Insular Treasury, dated September 16 last, showing that María Juana Caraballo had declared for the purposes of taxation, that she possessed in *barrio* "Hato-Abajo", municipal district of Arecibo, ten *cuerdas* of land, together with other small properties, upon the whole of which she had to pay a yearly tax of ninety cents.

According to aforesaid petition, filed at the request of María Juana Caraballo, the tract of ten *cuerdas*, her possession of one half of which she desired to prove by these proceedings, was recorded in the Registry of Property of Arecibo, in the name of petitioner's deceased husband, Raimundo Rios.

This court, by an order dated October 17, 1902, refused to grant the application of María Juana Caraballo because the property involved was recorded in the name of another person, and after notice of this was served

declaró no haber lugar á admitir la información que proponía Doña María Juana Caraballo por aparecer los bienes sobre que iba á verse dicha información inscritos á nombre de otra persona, y notificada la peticionaria ha presentado nuevo escrito en fecha 26 del corriente y por conducto del mismo José Adorno, pidiendo reposición de la anterior providencia, porque el artículo 393 de la Ley Hipotecaria en su párrafo 1 establece lo que hará el Registrador cuando al inscribir un expediente posesorio encuentre que los bienes á que afecte se hallan inscritos á favor de otra persona de manera que esa inscripción contradiga ó se oponga á la posesión que se trata de inscribir, lo cual se subsana según una resolución de la dirección de los Registros cuya fecha citó dando vista á la persona á cuyo favor conste la inscripción, para que manifieste su conformidad, y siendo los menores hijos de la peticionaria los interesados en la inscripción, no era menester esa vista, toda vez que sus hijos se encontraban bajo la patria potestad de la peticionaria.

*Considerando :* que el medio que autoriza la ley para hacer inscribir á favor de un cónyuge sobreviviente su posesión de bienes gananciales cuando la masa entera del caudal de los cónyuges aparece inscrita á nombre del marido, no es el expediente posesorio, por cuyo motivo es improcedente la pretensión que Don José Adorno ha hecho á ruego de Doña María Juana Caraballo viuda de Ríos.

*Considerando :* que la improcedencia de esa pretensión de la viuda salta más de bulto si se tiene en cuenta que el difunto Don Raimundo Ríos y Ríos dejó cinco hijos menores que poseen actualmente pro-indiviso con la madre, los bienes relictos por el fallecido, cuya mitad quiere hacer inscribir la viuda á su favor por medio de un expediente posesorio.

*Considerando :* que el artículo 393 de la Ley Hipotecaria ni la resolución de 5 de Julio de 1903 de la Dirección de los Registros es aplicable al presente caso, porque la inscripción de los bienes á nombre de un causahabiente no se opone ni contradice la posesión de esos mismos bienes por sus sucesores, sino que antes bien es el precedente obligado y necesario de la posesión, lo cual demuestra que cuando se poseen bienes pro-indiviso y mortis causa por varios conjuntamente, es necesaria la participación testatada ó intestada para modificar la originaria inscripción.

*Considerando :* que por las anteriores razones debe confirmarse la providencia del Tribunal de 17 de Octubre último. Vistas las disposiciones pertinentes y el artículo 370 de la Ley de Enjuiciamiento Civil. No ha lugar á reponer la providencia recurrida y estése á lo en ella dispuesto. Lo acordaron y firman los Jueces del Tribunal de que certifico.—Felipe Cuchí. —Otto Schoenrich.—Enrique González Darder.—Manuel C. Calderón.''

*Resultando :* que contra este auto se interpuso por la representación de Doña María Juana Caraballo recurso de casa-

upon petitioner, she prayed for a reconsideration, inasmuch as article 393 of the Mortgage Law, Paragraph 1, prescribes what the Registrar shall do when, upon recording any estate or interest, he should find that the property involved is already recorded in the name of another person in such a manner as to conflict with the possession sought to be admitted to record, which defect, according to a decision of the Administration of Registries, is corrected by referring the matter to and obtaining the consent of, the person in whose name the record is made; and inasmuch as the minor children of the petitioner are the parties interested in the record, there was no need of such a formality, said children being under the *patria potestas* of the petitioner.

"The procedure authorized by law for recording her possession of the community property in favor of the surviving spouse when the entire estate of the spouses appears on the record in the name of the husband, is not the institution of proceedings to secure a judicial declaration of possession, for which reason the claim urged by José Adorno, on behalf of María Caraballo, Rios' widow, is not well founded.

This is rendered more evident when it is considered, that the late Raimundo Rios y Rios left five minor children who at present possess in common with their mother, the property left by deceased, one half of which the widow seeks to have recorded in her favor through the institution of proceedings for a declaration of possession.

Neither article 393 of the Mortgage Law, nor the decision of the Administration of Registries, of June 5, 1903; is applicable to the present case, because the record of the property in the name of the person from whom it is derived, is not opposed to, nor does it conflict with the possession of said property by his successors, but on the contrary, it constitutes the necessary precedent to possession, which shows that when property is possessed in common or through *donatio mortis causa* by several persons conjointly, a testate or intestate partition is necessary to alter the original record.

For the foregoing reasons the order of the court made on October 17, 1902, should be affirmed. In view of the legal provisions applicable to the case, and article 370 of the Law of Civil Procedure, the motion for a reconsideration of the order of the court is dismissed and the same is ordered to stand. Thus it was decided and signed by the judges of the court, to which I certify — Felipe Cuchí — Otto Schoenrich — Enrique González Darder — Manuel C. Calderón".

From this order counsel for María Juana Caraballo, took an appeal in cassation for error of law, which was allowed. The record was accordingly forwarded to this Supreme Court, and the party being summoned, upon her appearance

ción por infracción de ley, que le fué admitido, y elevados los autos á esta Superioridad con citación y emplazamiento de la parte recurrente, personada ésta, se le dió á los autos la tramitación correspondiente en cumplimiento de lo ordenado por la Ley de 12 de Marzo último, convirtiendo esta Corte Suprema en Tribunal de apelación y se señaló día para la vista que se celebró sin asistencia del Abogado defensor de la parte recurrente.

Abogado del apelante: *Sr. Santoni.*

El Juez Asociado Sr. MacLeary, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho del auto apelado.

*Considerando:* que atendidos los preceptos de los artículos 391, 392 y 393 de la Ley Hipotecaria vigente en esta Isla y 438 del Reglamento dictado para su aplicación, ofrecida la información posesoria con los requisitos que expresa el primero de los referidos artículos, debe el Tribunal admitirla, sin prejuzgar cuestiones que en todo caso deben ser propuestas por los interesados que quieran oponerse á la información en el juicio plenario correspondiente como lo ordena el artículo citado del Reglamento, ó que deben reservarse al Registrador de la Propiedad para que las proponga con los antecedentes necesarios en vista de los asientos del Registro. Vistas las disposiciones legales citadas y la resolución de la Dirección General de los Registros de la Propiedad del Ministerio de Ultramar, de 30 de Abril de 1895.

*Fallamos:* que debemos revocar y revocamos el auto apelado de 29 de Noviembre del año próximo pasado, disponiendo que el Tribunal de Distrito de Arecibo admita la información propuesta y la substancie y determine con arreglo á derecho.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y Sulzbacher.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

the case was proceeded with according to the provisions of an act of the Legislative Assembly, entitled "An Act establishing the Supreme Court of Porto Rico as a Court of Appeals", approved March 12, 1903. A day was set for the hearing at which counsel for appellant did not appear.

*Mr. Santoni*, for appellant.

Mr. Justice MacLeary, after making the above statement of facts, delivered the following opinion of the court.

The findings of fact of the judgment appealed from are accepted.

In view of the provisions of articles 391, 392 and 393 of the Mortgage Law in force in this Island, and 438 of the Regulations for the execution thereof, when proceedings are begun to secure a declaration of possession in accordance with the formalities mentioned in the first of the articles above referred to, the court should allow the same to be prosecuted without prejudging questions which in all cases should be raised by the parties concerned who desire to oppose the same in a declaratory suit before the proper court, as prescribed in the aforesaid article of the Regulations, or which should be reserved to the Registrar of Property to be raised by him with the necessary facts taken from the records in the Registry.

In view of the legal provisions above cited and the decision of the General Directorate of Registries of Property, of the Colonial Department, dated April 30, 1895, we adjudge that we should reverse, and do reverse, the order of November 29, 1902, appealed from, and it is hereby ordered that the prosecution of the proposed proceedings be allowed by the District Court of Arecibo which shall hear and decide the case in the manner prescribed by law.

Chief Justice Quiñones and Justice Hernández and Sulzbacher, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.